UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROBIN ABLES,

    Plaintiff,

v.

CAWLEY & BERGMANN, LLP and
CAVALRY PORTFOLIO SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiff ROBIN ABLES ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Miami.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant CAWLEY & BERGMANN, LLP ("Cawley") is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Cawley is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Cavalry") is a limited liability company that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Cawley.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Cawley, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal credit card (the "Debt").

12. Cawley uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Cavalry purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Cavalry acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default.

15. Cavalry is thoroughly enmeshed in the debt collection business, and Cavalry is a significant participant in Cawley's debt collection process.

16. In connection with the collection of the Debt, Cavalry sent Plaintiff written communication dated October 18, 2012 regarding Bank of America/FIA Card Services, N.A. account number ending in 2845 ("Account 2845") that provided an alleged amount owed of $10,491.75.  (See October 18, 2012 Correspondence, attached as Exhibit A).

17. Upon information and good-faith belief, Cavalry subsequently placed Account 2845 with Cawley for the purpose of engaging in collection activity towards Plaintiff.

18. In connection with the collection of the Debt, Cawley, itself and on behalf of Cavalry, sent Plaintiff initial written communication dated March 19, 2013 regarding Account 2845, that represented that Plaintiff owed the amount of $11,096.90.  (See March 19, 2013 Correspondence, attached as Exhibit B).

19. Cawley's March 19, 2013 initial communication failed to inform Plaintiff that Account 2845 would accrue interest.

20. Cavalry's October 18, 2012 communication indicates that interest, other fees, or charges were accruing on Account 2845, evidenced by the increase in the amount due from "$10,491.75" to "$11,096.90."

21. Cawley's March 19, 2013 communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

22. Cawley's omission of material information in its March 19, 2013 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

23. Thus, Cawley's March 19, 2013 initial written communication failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CAWLEY

24. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

25. Cawley violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt when failing to state that the Debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cawley violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CAVALRY

26. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

27. Cawley violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt when failing to state that the Debt was continuing to accrue interest.

28. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cawley, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## CAWLEY

29. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

30. Cawley violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of the Debt, including, but not limited to: misrepresenting the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cawley violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## CAVALRY

31. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

32. Cawley violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of the Debt, including, but not limited to: misrepresenting the amount of the Debt.

33. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cawley, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## CAWLEY

34. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

35. Cawley violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its March 19, 2013 initial correspondence or within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cawley violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## CAVALRY

36. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 23, above.

37. Cawley violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its March 19, 2013 initial correspondence or within five (5) days thereafter.

38. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Cawley, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 6, 2013.

                                           Respectfully submitted,

                                           By: /s/Alex D. Weisberg
                                           FBN: 0566551
                                           WEISBERG & MEYERS, LLC
                                           ATTORNEYS FOR PLAINTIFF
                                           5722 S. Flamingo Rd, Ste. 656
                                           Cooper City, FL 33330
                                           (954) 212-2184
                                           (866) 577-0963 fax
                                           aweisberg@attorneysforconsumers.com